**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BLITZSAFE TEXAS, LLC, | § | Case No. |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| REV GROUP INC., | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Blitzsafe Texas, LLC ("Blitzsafe" or "Plaintiff"), files this original Complaint against Defendant REV Group Inc. ("Defendant" or "REV"), for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1. Plaintiff Blitzsafe is a limited liability company, organized and existing under the laws of the State of Texas and maintains its principal place of business at 100 West Houston Street, Marshall, Texas 75670. Blitzsafe sells automotive interface products that allow the end-user to connect a third-party external audio device or multimedia device to a car stereo in order to play the content on the device through the car stereo system and speakers. Blitzsafe sells its products throughout the United States, including in this Judicial District.

2. Upon information and belief, Defendant REV is a Delaware corporation, with a place of business at 401 Capacity Drive, Longview, Texas 75604.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Upon information and belief, Defendant transacts substantial business in the State of Texas and this Judicial District. Defendant has committed acts of infringement in this District by, among other things, offering to sell and selling products that infringe the asserted patents, including the accused devices as alleged herein, as well as providing service and support to its customers in this District. Upon information and belief, Defendant, directly or indirectly, participates in the stream of commerce that results in products, including the accused products, being made, used, offered for sale, and/or sold in the State of Texas and/or imported into the United States to the State of Texas.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendant has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas. Defendant has regular and established places of business within this Judicial District, including, but not limited to, a facility located at 401 Capacity Drive, Longview, Texas 75604.

## PATENTS-IN-SUIT

7. On February 10, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,489,786 (the "'786 Patent") entitled "Audio Device Integration System." A true and correct copy of the '786 Patent is attached hereto as Exhibit A.

8. On April 10, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,155,342 (the "'342 Patent") entitled "Multimedia Device Integration System." A true and correct copy of the '342 Patent is attached hereto as Exhibit B.

9. Blitzsafe is the sole and exclusive owner of all right, title, and interest to and in the '786 Patent and the '342 Patent (together, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Blitzsafe also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

10. The Patents-in-Suit generally cover systems for integrating third-party audio devices and multimedia devices with a car stereo.

11. Plaintiff has complied with the requirements of 35 U.S.C. § 287(a).

12. Defendant has been making, using, offering to sell, selling, and importing into the United States audio and multimedia integration systems which have been installed in REV-branded vehicles made in or imported into the United States since at least approximately 2016, as well as accessories to be installed at or after the time of delivery of the vehicle (hereinafter collectively referred to as "Infotainment Systems").

13. The Infotainment Systems are sold in at least the following vehicles during the period from 2016 to the present: Discovery LXE, Discovery, Frontier, Pace Arrow, Pace Arrow LXE, Southwind, Bounder, Fortis, Flair, IROK, Storm, Renegade Classic, Renegade Explorer, Renegade IKON, Renegade Valencia, Renegade XL, Renegade Verona LE, Renegade Verona, American Eagle, American Dream, American Tradition, American Patriot, American Patriot Cruiser, Armada, Endeavor, Navigator, Nautica, Vacationer, Invicta, and Admiral.

14. The Infotainment Systems support the integration of third-party external audio and multimedia devices, such as MP3 players, with the car stereo. The Infotainment Systems permit an end-user to connect a third-party external audio or multimedia device to the car stereo by wire, such as through a USB port or auxiliary port, or wirelessly, such as through Bluetooth. Once connected, the end-user may control the third-party external audio or multimedia device using the car stereo's controls, and the audio from the external device may be played through the car stereo and speakers while text, pictures, visual images, and video may be displayed on the display screen of the car stereo.

15. Defendant's user manuals, instructional videos, websites, and other information demonstrate to REV's users, customers, and prospective customers how an external audio device and external multimedia device may be connected to the car stereo by wire to, for example, a USB port, or wirelessly by Bluetooth, and how the external device may be controlled by the vehicle stereo's controls. For example, REV sells Boss BV6652 multimedia systems from its website:[1]

[1] https://revrvparts.com/item-detail?itemId=514&organizationId=9




# INSTALLATION

6. M2/RPT(Number button M2/Repeat playing button)
At Radio state, press this button to select pre-saved frequency radio channels;
At disc playing state, press this button to select repeat playing.

7. M3/RDM(Number button M3/Random playing button )
At Radio state, press this button to select pre-saved frequency radio channels;
At disc playing state, press this button to select random playing.

8. M4/L/R(Number button M4/Left&Right track switching)
At Radio state, press this button to select pre-saved frequency radio channels;
At disc playing state, press this button to select left or right track switching.

9. M5/N/P(Number button M5/Video system switching)
At Radio state, press this button to select pre-saved frequency radio channels;
At disc playing state, press this button to switch video system.

10. M6/Play(Number button M6/Playing button)
At Radio state, press this button to select pre-saved frequency radio channels;
At disc playing state, press this button to play/pause playing.

11. Dual (front and rear)AUX
To input external audio.
Warning :You can only AUX either front or rear AUX at a time. Never connect both front and rear AUX at the same time.

12. IR (Infrared remote control receiver)
It can receive the infrared signal from the remote control.

13. SEL/VOL button
Press this button shortly to choose:
VOL → BAS → TRE → BAL → FAD → LOUD OFF → DX → TA SEEK → PI SOUND → RETURN L → BEEP OFF → AREA USA

Note: 1. After you choose your desired model. Work with VOL button to adjust status of mode.
2. If you do not adjust status of mode in 5 seconds, the mode will resume to the status before adjust .

Turn right this button to increase the volume, turn left this button to decrease the volume.

14. BAND(Band Selection)
At radio playing state, repeat press this button to select the band as following:
FM1 → FM2 → FM3 → AM1 → AM2

15. The disc button
Click the button to eject the disc

16. RESET
Press this button to reset the unit and the unit will resume to initial status.

17. USB
Use the high speed degree delivers to connect eloquent, can read big capacity MP3/MP4 formats.

18. SD
Connect the SD memory card to this socket, and the unit can play Mp3 music.

4

**DASH RADIO**

The dash radio includes a combination of AM/FM tuner, Sirius XM satellite radio, Bluetooth, iPod/iPhone, USB, DVD, and Rear Camera. Car Play and Android Auto.

The radio is a touch screen display. Each function of the radio will bring up a new page and button specific to that function. Pressing the Home button will bring up the home screen to navigate to a different function.




Different sources are available by pressing the source button. Sources available are AM/ FM, CD/DVD, USB, Bluetooth, and AUX in. See manufacture's owner's manual for specific operation of each function.

[2]

Furthermore, REV's Fleetwood RV brand sold its 2019 Discovery LXE with a Bluetooth-capable Magnadyne Stereo:[3]

---

[2] https://www.fleetwoodrv.com/wp-content/uploads/2022/01/FW_Gas_Owner-Manuals_LowRes_Combined_MY22-1-1.pdf

[3] https://www.fleetwoodrv.com/wp-content/uploads/2021/05/1543239574_brc_pdf.pdf

| | | 40D | 40G | 40M | 44H | 44B | |
|---|---|---|---|---|---|---|---|
| CAB EXTERIOR | One-Piece Front & Rear Fiberglass Cap | S | S | S | S | S | ENTRY |
| | One-Piece Generator Access | S | S | S | S | S | |
| | Chrome Power/Heated Mirrors w/ Turn Signals & Side Cameras | S | S | S | S | S | |
| | One-piece Windshield w/wipers | S | S | S | S | S | |
| | LED Hi/Low Headlights | S | S | S | S | S | |
| | Daytime Running Lights | S | S | S | S | S | |
| | Fog Lamps | S | S | S | S | S | |
| | Slider Driver Window | S | S | S | S | S | |
| | Frameless Passenger Window | S | S | S | S | S | |
| | Under-Hood Light | S | S | S | S | S | |
| | Lower Front Protective Mask | S | S | S | S | S | |
| | Dash Inserts - Instrument Panels | S | S | S | S | S | |
| | Black Instrument Gauges w/Electronic Information Center | S | S | S | S | S | |
| | High-Output Dash Air Cond/Heat | S | S | S | S | S | |
| | Air Suspension Deflation System | S | S | S | S | S | |
| | Electronic Cruise Control | S | S | S | S | S | |
| | Windshield Wipers w/Delay | S | S | S | S | S | |
| | Keyless Entry w/Remotes | S | S | S | S | S | |
| | Power/Heated Chrome Mirrors Switch | S | S | S | S | S | |
| | Utility Service Compartment Switch | S | S | S | S | S | |
| | Driver Console w/Lower Storage Bin | S | S | S | S | S | |
| | Powerlocks w/Key FOB Control | S | S | S | S | S | |
| | Backup Monitor Color 7" | S | S | S | S | S | |
| | Sirius/XM Satellite (Requires Subscription) | S | S | S | S | S | |
| | Magnadyne Stereo 10" Touch Screen w/ AM/FM/CD/DVD/Bluetooth/Navigation/ APP Store/WiFi | S | S | S | S | S | |

**COUNT I**
**(Infringement of the '786 Patent)**

16. Paragraphs 1 through 15 are incorporated herein by reference as if fully set forth in their entireties.

17. Blitzsafe has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '786 Patent.

18. Defendant has and continues to directly infringe one or more claims of the '786 Patent, including claim 57, either literally or under the doctrine of equivalents, by making, using,

offering to sell, selling, and/or importing into the United States infringing Infotainment Systems without authority and in violation of 35 U.S.C. § 271.

19. Defendant has and continues to indirectly infringe one or more claims of the ’786 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the infringing Infotainment Systems. For example, Defendant, with knowledge that the Infotainment Systems infringe the ’786 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce direct infringement of the ’786 Patent by providing Infotainment Systems user manuals, product manuals, instructional videos, website information, and documentation that instruct end-users how to use the Infotainment Systems, including specifically, how to connect external third-party audio and multimedia devices to the car stereo. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the ’786 Patent, but while remaining willfully blind to the infringement.

20. Defendant has and continues to indirectly infringe one or more claims of the ’786 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including end-users, by making, using, offering to sell, selling, and/or importing into the United States the infringing Infotainment Systems, with the knowledge that, at least as of the date of this Complaint, the Infotainment Systems contain components that constitute a material part of the inventions claimed in the ’786 Patent. Such components include, for example, interfaces that permit an end-user to use a car stereo’s controls to control an external third-party audio device and multimedia device. Defendant knows that these components are

especially made or especially adapted for use in an infringement of the '786 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Defendant believed there was a high probability that others would infringe the '786 Patent but remained willfully blind to the infringing nature of others' actions.

21. Blitzsafe has suffered damages as a result of Defendant's direct and indirect infringement of the '786 Patent in an amount to be proved at trial.

22. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '786 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

23. Defendant has committed and continues to commit acts of infringement that Defendant actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '786 Patent. Upon information and belief, Defendant had actual knowledge of the '786 Patent from related prior litigations accusing products with similar functionalities made by third-party Infotainment System suppliers who were direct competitors of the Infotainment System suppliers of Defendant. Defendant's infringement of the '786 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

**COUNT II**
**(Infringement of the '342 Patent)**

24. Paragraphs 1 through 15 are incorporated herein by reference as if fully set forth in their entireties.

25. Blitzsafe has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '342 Patent.

26. Defendant has and continues to directly infringe one or more claims of the ’342 Patent, including claim 49, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States infringing Infotainment Systems without authority and in violation of 35 U.S.C. § 271.

27. Defendant has and continues to indirectly infringe one or more claims of the ’342 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the infringing Infotainment Systems. For example, Defendant, with knowledge that the Infotainment Systems infringe the ’342 Patent, at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce direct infringement of the ’342 Patent by providing Infotainment System operating manuals, product manuals, instructional videos, website information, and documentation that instruct end-users how to use the Infotainment Systems, including specifically how to connect external third-party audio and multimedia devices to the vehicle stereo and how to control the external device using the vehicle stereo’s controls. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the ’342 Patent, but while remaining willfully blind to the infringement.

28. Defendant has and continues to indirectly infringe one or more claims of the ’342 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including end-users, by making, using, offering to sell, selling, and/or importing into the United States infringing Infotainment Systems, with the knowledge that, at least as of the date of this Complaint, the Infotainment Systems contain components that constitute a

material part of the inventions claimed in the '342 Patent. Such components include, for example, interfaces that permit an end-user to use a car stereo's controls to control an external third-party audio device. Defendant knows that these components are especially made or especially adapted for use in an infringement of the '342 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Defendant believed there was a high probability that others would infringe the '342 Patent but remained willfully blind to the infringing nature of others' actions.

29. Blitzsafe has suffered damages as a result of Defendant's direct and indirect infringement of the '342 Patent in an amount to be proved at trial.

30. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '342 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

31. Defendant has committed and continues to commit acts of infringement that Defendant actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '342 Patent. Upon information and belief, Defendant had actual knowledge of the '342 Patent from related prior litigations accusing products with similar functionalities made by third-party Infotainment System suppliers who were direct competitors of the Infotainment System suppliers of Defendant. Defendant's infringement of the '342 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Blitzsafe prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. Entry of judgment declaring that Defendant's infringement of the Patents-in-Suit has been willful and deliberate;

c. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the Patents-in-Suit;

d. An order awarding damages sufficient to compensate Blitzsafe for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

e. An order awarding Blitzsafe treble damages under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the Patents-in-Suit;

f. Entry of judgment declaring that this case is exceptional and awarding Blitzsafe its costs and reasonable attorney fees under 35 U.S.C. § 285; and

g. Such other and further relief as the Court deems just and proper.

Dated: June 10, 2022

Respectfully submitted,

*/s/ Alfred R. Fabricant*

Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435

Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
Texas State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF BLITZSAFE TEXAS, LLC***